# Supreme Court of Florida

---

No. SC2022-0803

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.453.**

March 30, 2023

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla. Const. On June 20, 2022, the Civil Procedure Rules Committee (Committee) filed a report proposing the adoption of new Florida Rule of Civil Procedure 1.453 (Jury Request to Review Testimony). This Court previously published the proposed amendments for comment, and no comments were received.

Having considered the proposed amendments, the Court hereby adopts new rule 1.453 as proposed by the Committee. New rule 1.453 articulates how trial courts are to proceed when a juror in a civil case asks for trial transcripts or asks for trial testimony to

be read or played back. If a juror asks for a readback or playback of trial testimony, the trial court may, after giving notice to counsel for the parties, read or play back the testimony in open court. In the alternative, the trial court may, in its discretion, respond to the request in writing, as long as the parties are afforded an opportunity to place objections on the record. If a juror asks for trial transcripts, the trial court must notify the jury that transcripts are unavailable but that a request for a readback or playback may be made and that such a request may or may not be granted at the court's discretion.

Accordingly, we hereby amend the Florida Rules of Civil Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Landis V. Curry III, Chair, Civil Procedure Rules Committee, Tampa, Florida, Jason Paul Stearns, Past Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## RULE 1.453.    JURY REQUEST TO REVIEW TESTIMONY

**(a)    Request for Readback or Playback of Testimony.** If, after retiring to consider their verdict, any juror requests a readback or playback of testimony, the jury may be conducted into the courtroom and the court may order the readback or playback of testimony. The testimony may be read or played back only after notice to counsel for the parties. Any readback or playback of testimony must be in open court in the presence of all parties. In its discretion, the court may respond in writing to a request for readback or playback of testimony without having the jury brought before the court, provided that the parties have received the opportunity to place objections on the record and both the request and response are made part of the record.

**(b)    Request for Transcripts.** If any juror requests to have a transcript of trial testimony, the court must inform the jury that transcripts are not available but that they can request a readback or playback of testimony, which request may or may not be granted at the court's discretion. If a juror makes only a general request for transcripts, as opposed to identifying any particular witness's testimony that they wish to review, the court must also instruct the jury that, if they request a readback or playback, they must specify the particular trial testimony they wish to have read or played back. If, after being properly instructed in accordance with this subdivision, the jury requests a readback or playback of any trial testimony, the court must follow the procedures set forth in subdivision (a).